CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

2017 JUL -7 PM 2: 10

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MONICA NICOLE CLARK o/b/o T.M.N.C., § § § Plaintiff, § § v. § NANCY A. BERRYHILL*, § Acting Commissioner of Social Security, § § Defendant. § | Civil Action No. 4:16-CV-00282-O-BL Referred to U.S. Magistrate Judge |

### REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Monica Nicole Clark, on behalf of minor claimant T.M.N.C., seeks judicial review of the decision of the Commissioner of Social Security, who denied her application for Supplemental Security Income under Title XVI of the Social Security Act. The United States District Judge reassigned the case to this Court pursuant to 28 U.S.C. § 636(c). The parties have not consented to proceed before a United States Magistrate Judge. After considering all the pleadings, briefs, and administrative record, this Court recommends the Commissioner's decision be affirmed and this case dismissed.

### I. STATEMENT OF THE CASE

Clark filed an application for SSI on March 11, 2013, alleging impairments that were disabling as of March 5, 2013. That application was denied initially on July 31, 2013, and again after reconsideration on November 1, 2013. Clark requested a hearing, which was held before an

---

* On January 20, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as the Acting Commissioner of Social Security. In accordance with Federal Rule of Civil Procedure 25(d), the court automatically substitutes her as the named defendant.

administrative law judge (ALJ) on August 25, 2014. The ALJ issued a decision on November 28, 2014 finding the claimant not disabled.

Specifically, the ALJ established during step one that the claimant had not engaged in substantial gainful activity since the application date. (Doc. 11-3, 17). At step two, the ALJ determined T.M.N.C. had the severe impairments of ADHD and mood disorder. (Doc. 11-3, 17). In step three, the ALJ found that T.M.N.C. did not meet or equal in combination an impairment listed in 20 C.F.R. § 404(p). (Doc. 11-3, 17). The step three analysis continued, with the ALJ ruling that T.M.N.C. has a marked limitation in interacting and relating with others, less than marked limitations in acquiring and using information, attending and completing tasks, caring for himself, and health and physical well-being, and no limitation in moving about and manipulating objects. (Doc. 11-3, 19-24). Since the claimant had fewer than two marked limitations and no severe limitations in the six domains of functioning, the ALJ determined he was not disabled. (Doc. 11-3, 25).

Clark applied to the Appeals council for review, which denied that review on February 17, 2016. Therefore, the ALJ's ruling is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[t]he Commissioner's final decision includes the Appeals Council's denial of [a claimant's] request for review.")

## II. FACTUAL BACKGROUND

According to the pleadings, testimony at the administrative hearing, and administrative record, T.M.N.C. was 6 years old and starting first grade at the time of the administrative hearing. He had been to preschool and kindergarten with some disciplinary history, and lived with his mother and three siblings.

## III. STANDARD OF REVIEW

An individual younger than 18 is disabled if they have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i).

To evaluate a minor's disability claim, the Commissioner follows a three-step inquiry: whether the child is engaged in substantial gainful activity, whether the child has a severe impairment, and whether the child has an impairment or combination of impairments that satisfies the durational and medical requirements of the listing of impairments. 20 C.F.R. § 416.924(a)-(d). "[I]n general, a child's impairment is of 'listing-level severity' if it causes marked limitations in two domains of functioning or an extreme limitation in one." § 416.925(b)(2)(ii). Nevertheless, an impairment is of "listing-level severity" even if without marked limitations in two domains or an extreme limitation in one if the listing that would apply does not require such limitations to establish that an impairment is disabling. *See id.* Those six domains are acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. § 416.926a(b)(1)(i)-(vi). Each listing specifies "objective medical and other findings needed to satisfy the criteria of that listing" and the Commissioner "will find" that an impairment "meets the requirements of a listing when it satisfies all of the criteria of that listing, including any relevant criteria in the introduction, and meets the duration requirement." § 416.925(c)(3). A diagnosis alone does not meet a listing. § 416.925(d).

The Commissioner considers whether an impairment is equivalent to a listed impairment when the claimant has a listed impairment but does not exhibit all specified findings for that listing,

those circumstances, the Commissioner finds the impairment medically equivalent to the listing if the claimant has "other findings related to [their] impairment that are at least of equal medical significance to the required criteria." § 416.926(b)(2).

The Commissioner considers functional equivalence when the child claimant has "a severe impairment or combination of impairments that does not meet or medically equal any listing. § 416.926a(a). Functional equivalence means the impairment is of "listing level severity, i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme limitation in one domain." *Id.* Those domains are acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, caring for oneself, and health and physical well-being. § 416.926a(b)(1)(i)-(vi). Because evaluating functional equivalence requires adjudicators to compare how a claimant's functioning compares to children of the same age who are not impaired, the claimant's age is an important factor in the analysis. *Rose ex rel. A.D.W. v. Colvin*, 2016 WL 3031853, at *3 (N.D. Tex. May 26, 2016).

Claimants have the burden to show they are disabled. *Id.* at *2. At Step 3 of the evaluative sequence, this burden includes "establishing that his impairment meets or equals the criteria for presumptive disability described in the listings." *Whitehead v. Colvin*, 820 F.3d 776, 781 (5th Cir. 2016) (adult disability case). If the claimant does not carry that burden, he can still carry his burden by showing that his impairment functionally equals a listing.

"Judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards are applied." *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015) (quoting *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion' and constitutes 'more than a mere scintilla' but 'less than a

preponderance' of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016) (quoting *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)).

Although child disability cases invoke their own definition of disability and inquiry for determining disability, such cases do not change the scope of judicial review or the meaning of substantial evidence. *See Richard ex rel. Z.N.F. v. Astrue*, 480 F. App'x. 773, 778 (5th Cir. 2012) (per curiam); *Swist ex rel. Green v. Barnhart*, 177 F. App'x 414, 416 (5th Cir. 2006) (per curiam). "In applying the substantial evidence standard, the court scrutinizes the record to determine whether such evidence is present, but may not reweigh the evidence or substitute its judgment for the Commissioner's." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). The courts neither "try the questions de novo" nor substitute their "judgment for the Commissioner's, even if [they] believe the evidence weighs against the Commissioner's decision." *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Moreover, "[c]onflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton*, 209 F.3d at 452.

## IV. DISCUSSION

Clark argues on appeal that T.M.N.C. has an extreme limitation in interacting and relating to others and a marked limitation in caring for himself that was not properly assessed by the ALJ. She therefore claims the ALJ's decision is unsupported by substantial evidence and the result of improper legal standards. (Doc. 13, 15).

### A. Interacting and relating with others

Clark first contends the ALJ's decision "cherry-picks" evidence in "[s]ummarily concluding that [the] claimant fails to meet or equal the criteria" for this listing which "is insufficient because it does not permit meaningful judicial review." (Doc. 13, 17) (quoting *Hodgson v. Astrue*, 2008 U.S. Dist. LEXIS 121796, at *14 (N.D. Tex. July 30, 2008)). She points

to the ALJ's statement that T.M.N.C. "has a marked limitation in interacting and relating with others [as he] is able to get along well with his siblings and mother [and] disrupts class, but otherwise gets along with his classmates" as conclusory and deficient. (Doc. 13, 18) (quoting Doc. 11-3, 22). Clark argues the ALJ should have assessed T.M.N.C. with an extreme, and not merely marked, limitation in this domain, and asserts the ALJ must have considered only evidence from when T.M.N.C. was on a medication that apparently tempered behavioral issues but was discontinued for some period of time because of other side effects. (Doc. 13, 19). However, this is insufficient to show the lack of substantial evidence required to depart from the Commissioner's decision.

Despite Clark's repeated characterizations of the assessment in this domain as conclusory and insufficient, it is structurally identical to the assessments of the other domains: the ALJ sets out—for several paragraphs—the legal standards and questions to be considered when assessing a limitation in the relevant domain, then assesses the limitation with a summary conclusion. (Doc. 11-3, 21-22). Clark appears to read this summary finding as a surface-level finding without any support, rather than a conclusion incorporating the earlier standards.

Clark's duty is to show the ALJ's assessed limitation is either supported by no more than a scintilla of evidence or is based on incorrect legal standards. *See Hardman*, 820 F.3d at 147; *Sun*, 793 F.3d at 508. Highlighting that the claimant's classroom behavior changes when he is on or off of a single medication and alleging that the ALJ must have only considered his behavior in the medicated state in assessing a marked rather than extreme limitation is neither equal to showing a lack of substantial evidence or an application of incorrect legal standards. Presenting an alternative reading of the facts is not the same as showing a lack of substantial evidence, regardless of whether

that alternative reading may be more plausible to the court than the Commissioner's decision. *Masterson*, 309 F.3d at 272.

### B. Caring for himself

Clark similarly argues the ALJ's assessment of a less than marked limitation in caring for himself was conclusory and therefore unsupported by substantial evidence. (Doc. 13, 22-23). Even if Clark's characterization that the ALJ's determination was contrary to "overwhelming evidence" were accurate, this is again a mis-stating of the appropriate burden. (Doc. 13, 23). Clark's duty here is not to show that others might have found she carried her burden to show a marked limitation in this domain, but rather that there is not sufficient evidence for any reasonable person to find otherwise. *Hardman*, 820 F.3d at 147. Pointing to contradictory evidence and alleging the ALJ could not have reasonably based their decision in the record, standing alone, is insufficient to carry this burden. *Newton*, 209 F.3d at 452. Characterizing the ALJ's final conclusion as to limitations in these domains as insufficient and ignoring the paragraphs of standards and consideration that precede them is likewise not a showing the ALJ was attempting to craft a review-proof decision such that it must be remanded and expanded.

### V. CONCLUSION

Clark has not shown the ALJ's determinations as to limitations in the contested domains are unsupported by substantial evidence or the result of incorrect legal standards. Therefore, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Clark's complaint be **DISMISSED**.

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated July __7__, 2017.

_____
E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE